STATE of Maine

v.

Cyrus LAURIAT.

Supreme Judicial Court of Maine.

Argued June 9, 1989.

Decided July 13, 1989.

Paul Aranson, Dist. Atty., Beth Ahearn (orally), Asst. Dist. Atty., Portland, for the State.

Edward F. Bradley, Jr. (orally), Portland, for defendant.

Before WATHEN, GLASSMAN, CLIFFORD, HORNBY, and COLLINS, JJ.

GLASSMAN, Justice.

Cyrus Lauriat appeals from a judgment of the Superior Court (Cumberland County, *Brodrick, J.*) affirming a judgment of the District Court (Portland, *Kellam, J.*) finding him guilty of possession of lobster on board the Fishing Vessel *Elizabeth,* which was rigged for otter trawling, in violation of 12 M.R.S.A. § 6952 (Supp.1988).[1] Lauriat argues, as he did before the trial court, *inter alia,* that the State's enforcement of section 6952 is preempted by federal law. We find that section 6952 is preempted by the Magnuson Fishery Conservation and Management Act (MFCMA), see 16 U.S.C. §§ 1801–1882 (1982 & Supp. IV 1986) (Act's purposes are, *inter alia,* to conserve and manage fishing resources of the United States to prevent overfishing, to rebuild overfished stocks, to insure conservation, and to realize the full potential of the fishery resources), and vacate the judgment.

It is undisputed that the lobster meat found on the vessel rigged for otter trawling operated by Lauriat was harvested outside the three mile territorial waters of Maine and within the federal fishery conservation zone established by the MFCMA. *See* 16 U.S.C. § 1811 (1982) (establishing federal conservation zone). Lauriat contends that the State is preempted from enforcing its prohibition against the possession of lobsters on a boat rigged for otter trawling against him because he harvested the lobsters from the fishery conservation zone.

We have stated that:

It is through operation of the supremacy clause of the United States Constitution that federal law preempts conflicting state law. A conflict warranting preemption may be direct in that the state

1. 12 M.R.S.A. § 6952 (Supp.1988) provides in pertinent part: "It shall be unlawful to fish for or take lobsters by use of an otter or beam trawl ... or to have in possession any lobsters, re-gardless of their source, on board any boat rigged for otter or beam trawling...." 12 M.R.S.A. § 6204 (1981) provides that a violation shall be a Class D crime.

regulation obviously contradicts federal regulation, or it may arise from congressional intent, either express or implied, to occupy a particular area. Preemption, however, is not a favored concept, and federal regulation will be deemed to be preemptive of state regulatory powers only if grounded in ' " "persuasive reasons—either the nature of the regulated subject matter permits no other conclusion or that Congress has unmistakably so ordained.' " '

*Director of Bureau of Labor Standards v. Fort Halifax Packing Co.,* 510 A.2d 1054, 1057–58 (Me.1986) (citations omitted) (quoting *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 522, 101 S.Ct. 1895, 1905, 68 L.Ed.2d 402 (1981) (quoting *Chicago & North Western Transp. Co. v. Kalo Brick & Tile Co.,* 450 U.S. 311, 317, 101 S.Ct. 1124, 1130, 67 L.Ed.2d 258 (1981) (quoting *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142, 83 S.Ct. 1210, 1217, 10 L.Ed.2d 248 (1963)))), *aff'd,* 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987).

Section 1856(a) of the MFCMA states:

Except as provided in subsection (b) of this section nothing in this chapter shall be construed as extending or diminishing the jurisdiction or authority of any State within its boundaries.... *No State may directly or indirectly regulate any fishing which is engaged in by any fishing vessel outside its boundaries, unless such vessel is registered under the laws of such State.*

16 U.S.C. § 1856(a) (1982) (emphasis added). Thus, the MFCMA expressly retains exclusive federal authority to regulate fishing in the fishery conservation zone but excepts from its provisions state regulation of fishing that is engaged in by a fishing vessel registered under the laws of such state.

The prohibition of 12 M.R.S.A. § 6952, as applied to Lauriat, is an indirect regulation of the fishing engaged in by the Fishing Vessel *Elizabeth* outside the territorial waters of Maine. The State concedes that the fishing vessel was not registered under the laws of Maine. The record reflects that Lauriat holds a Maine commercial fishing license as required by 12 M.R.S.A. § 6501 (1981 & Supp.1988), and the State argues that such a license permits Maine under section 1856(a) to enforce the statutory prohibition against possession of lobster. Contrary to the State's argument, we cannot read the unambiguous language of the statute permitting state regulation of vessels registered under the laws of the state to include state licensing of individual operators of the vessel. *North Dakota v. United States,* 460 U.S. 300, 312, 103 S.Ct. 1095, 1102, 75 L.Ed.2d 77 (1983) (" 'Absent a clearly expressed legislative intention to the contrary, [the] language [of a statute] must ordinarily be regarded as conclusive.' ") (quoting *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed. 2d 766 (1980)).

The State also argues that the regulations promulgated for the statutorily authorized American Lobster Fishery Management Plan, *see* 16 U.S.C. §§ 1851–1852 (1982); 50 C.F.R. § 649.4(a)(3) (1987), demonstrate that the MFCMA does not preempt state regulation. Section 649.-4(a)(3) of the regulations provides:

Vessel owners or operators who apply for a fishing vessel permit under this section, or for a State permit endorsed for FCZ fishing under § 649.4(a)(2) must agree, as a condition of the permit, that all the vessels' lobster fishing, catch, and gear (without regard to whether such fishing occurs in the FCZ or landward of the FCZ, and without regard to where such lobster, lobster meats, or parts, or gear are possessed, taken or landed) will be subject to all the requirements of this part. *All such fishing, catch, and gear will remain subject to any applicable State or local requirements.* If a requirement of this part and a conservation measure required by State or local law differ, any vessel owner or operator permitted to fish in the FCZ must comply with the more restrictive requirement.

(Emphasis added). The State did not introduce any evidence as to whether Lauriat was authorized to fish for lobster under the federal regulations. More important, we interpret regulation § 649.4(a)(3) in the con-

text of the MFCMA, the statute authorizing the regulations. *See* 16 U.S.C. § 1855(g) (1982) (fishery management plans to be carried out in accordance with statute); *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945); *see also Dixon v. United States,* 381 U.S. 68, 74, 85 S.Ct. 1301, 1305, 14 L.Ed.2d 223 (1965). The regulation's reference to "applicable State or local requirements" means state regulations enforced within a state's territorial waters and state regulations enforced against fishing vessels registered under the laws of such state outside its boundaries as permitted under 16 U.S.C. § 1856(a). Because the Fishing Vessel *Elizabeth* was not registered in the State of Maine and the State offered no evidence as to whether Lauriat was authorized to fish for lobster under the federal regulations, we hold that the MFCMA preempts the State's enforcement of 12 M.R.S.A. § 6952 on the facts of this case and vacate the judgment. *See* 17–A M.R.S.A. § 101 (1983); *State v. Grover,* 460 A.2d 581, 584 (Me.1983).

The entry is:

Judgment vacated. Remanded to the Superior Court to remand to the District Court with instructions to dismiss the complaint against the defendant, Cyrus Lauriat.

All concurring.